THE WESTON FIRM
GREGORY S. WESTON (239944)
5127 Lotus Street
San Diego, CA 92107
Telephone: 619 255 7098
Fax:  480 247 4553
greg@westonfirm.com

BECK & LEE BUSINESS TRIAL LAWYERS
JARED H. BECK (233743)
28 West Flagler St., Ste 555
Miami, FL 33130
Telephone: 305 789 0072
Fax:  786 664 3334
jared@beckandlee.com

*Counsel for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINE RED, JENNIFER RED, RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>UNILEVER PLC and UNILEVER UNITED STATES, INC.,<br><br>Defendants. | Case No: cv09-7855 MMM AGRx<br><br>Pleading Type: Class Action<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT**<br><br>Judge: The Hon. Margaret M. Morrow |

Plaintiffs have already stipulated to extend Unilever an additional 7 days to respond beyond the 20 days provided by Rule 12. Plaintiffs also offered to extend time by 14 days if Defendants would forgo filing the present ex parte motion, and more time if initial settlement talks panned out.

Defendants rejected this offer, which would have given them a total of 34 days, and instead chose to burden the Court with a 38 page ex-parte filing seeking a total of 50 days to respond. Despite this length, why a firm with hundreds of attorneys needs 50 days to write a simple motion to dismiss is left unaddressed.

Unilever has not described to Plaintiffs' counsel any grounds for its 12(b)(6) motion other than preemption under the Food Drug and Cosmetic Act, a tall order given the argument that state police powers are preempted by the FDA regulations was a few months ago soundly rejected by the Supreme Court.[1]

In fact, Defendants are asking for more than just 50 days to prepare their likely doomed preemption claims, as they were served with the *Rosen* complaint, which alleges one of the products in the present action violated the some of the same state laws, on 7/31/09, and have been granted three extensions for their response.[2] Defendants then will have had more than four and half months if their motion is granted to prepare their preemption arguments.

Defendants angrily assert Plaintiffs' offer of a 14 day extension rather than the 30 days they demand violates professional courtesy. To the extent this is so, Plaintiffs beg the pardon of opposing counsel for this breach, and offer the nature of this action as excuse. Trans fat is blamed for 100,000 premature deaths in the

---

[1] *Wyeth v. Levine*, 129 S. Ct. 1187; 173 L. Ed. 2d 51 (2009)

[2] See Weston Declaration, Exs. A and B (the *Rosen* proof of service and docket).

PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR TIME EXTENSION

United States annually.[3] Its greatest effect is on the cardiovascular system, but it also causes diabetes and is a carcinogen linked to several forms of cancer.[4] Unilever, as the largest margarine manufacturer in the United States, is among the corporations most responsible of trans fat in the American diet.

Unilever, aware the public is slowly becoming aware of the dangers of trans fat, rather than eliminate it from its products entirely, instead reduced the amount to a still-dangerous quantity to just below the reporting threshold, and then loudly splashed over its labels such phrases as "No Trans Fat" and "0g Trans Fat" followed by, in tiny lettering, the less than crystal clear disclaimer "per serving." Its trans fat-packed margarines also use phrases like "For Information on a Heart Healthy Diet…," "Light," "Made With A Blend of Nutritious Oils," and "Naturally Cholesterol Free."

FRCP 6(b) provides "When an act may or must be done within a specified time, the court may, for good cause, extend the time[.]" Plaintiffs submit that Defendants have failed to meet their burden of showing good cause why they need an additional 30 days to file their motion to dismiss.

Respectfully Submitted,

/s/Gregory S. Weston
Gregory S. Weston
*Counsel for Plaintiffs and the Proposed Class*

---

[3] Alberto Ascherio et al., Trans Fatty Acids & Coronary Heart Disease, 340 New Eng. J. Med. 94, 94-98 (1999).

[4] See Complaint ¶¶34-42 and the sources cited therein.