1  WILLIAM L. STERN (CA SBN 96105)
   WStern@mofo.com
2  JANELLE J. SAHOURIA (CA SBN 253699)
   JSahouria@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California 94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  Attorneys for Defendants
   UNILEVER UNITED STATES, INC. and
7  UNILEVER PLC

8

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                    WESTERN DIVISION

12

| | |
|---|---|
| 13  EVANGELINE RED, JENNIFER RED, and RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated, | Case No. CV09 07855 MMM (AGRx) |
| 14 | **NOTICE OF MOTION AND MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UNILEVER UNITED STATES INC.'S MOTION TO DISMISS OR STAY PROCEEDINGS ("FIRST-TO-FILE" RULE)** |
| 15 Plaintiffs, | |
| 16 v. | |
| 17 UNILEVER UNITED STATES, INC. and UNILEVER PLC, | |
| 18 | [Declaration of J. Sahouria, [Proposed] Order, and Request for Judicial Notice Concurrently Filed] |
| 19 Defendants. | |
| 20 | |
| 21 | Hearing Date: February 8, 2010 Time: 10:00 a.m. Courtroom: 780 Judge: Hon. Margaret M. Morrow Action Filed: October 28, 2009 |
| 22 | |
| 23 | |
| 24 | |

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION TO STAY

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 8, 2010, at 10:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Margaret M. Morrow, United States District Judge, Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012, Defendant Unilever United States, Inc. will move, and hereby does move, to dismiss this action, or in the alternative stay this action, on grounds of comity and pending resolution of the first-filed action entitled *Rosen v. Unilever United States, Inc.*, No. CV 09-02563 JW (N.D. Cal.) (Ware, J.).[1]

This motion is based on this Notice of Motion and Motion, Defendant's supporting Memorandum of Points and Authorities (attached), Defendant's Request for Judicial Notice, and the court records and files in this Action.

This motion is made following conferences of counsel pursuant to Local Rule 7-3 which took place by telephone and by e-mail on November 17, November 18, November 24, and November 25, 2009.

Dated:    November 30, 2009

WILLIAM L. STERN
JANELLE J. SAHOURIA
MORRISON & FOERSTER LLP

By:  /s/ William L. Stern
         William L. Stern

Attorneys for Defendants
UNILEVER UNITED STATES, INC.
and UNILEVER PLC

---

[1] Unilever PLC has not yet been served, so this motion is brought by Unilever United States, Inc. only.

NOTICE OF MOTION AND MOTION AND MPA ISO MOTION TO DISMISS OR STAY ("FIRST-TO-FILE" RULE)
CASE NO. CV09 07855 MMM (AGRx)
sf-2772269

i

1    Defendant Unilever United States Inc., has simultaneously filed a motion to

2   dismiss this action under Fed. R. Civ. P. 12(b)(6).  The Court should decide this

3   motion first.  If this motion is granted, it will moot the other motions to dismiss.

4                    **MEMORANDUM OF POINTS & AUTHORITIES**

5   **I.    INTRODUCTION**

6         This is a copycat class action that trails by almost four months a case filed in

7   the Northern District of California called *Rosen v. Unilever United States, Inc.*, No.

8   CV 09-02563 JW (N.D. Cal.) (Ware, J.).  The two cases are almost identical in their

9   allegations and essential claims.  Even the slight differences appear scripted and are

10  of no consequence.

11        Where parallel litigation is pending in two different districts, the second-filed

12  action ordinarily should be dismissed or stayed if the parties and the issues are

13  substantially similar.  Exact identity is not required.  Here, there is plenty.  Even

14  Plaintiffs' counsel concedes that *Rosen* challenges three out of seven of the same

15  vegetable oil spreads challenged here, and the claim in *Rosen* (as here) is that

16  Defendants violated the same three California statutes.[2]

17        This case should be dismissed.  In the alternative, if the Court is disinclined

18  to dismiss this action outright, it should stay all further proceedings pending

19  resolution of the first-filed *Rosen* action.[3]

20

21        ───────────────
        [2] (Plaintiffs' Opposition To Defendants' Ex Parte Application For An
22  Extension Of Time To Respond To Plaintiffs' Complaint, at p. 2, Dkt. #6 (Nov. 20,
    2009) (The "*Rosen* complaint . . . alleges one of the products [ICBINB!] in the
23  present action violated the [sic] some of the same state laws.").)

24        [3] Plaintiffs named the wrong entities.  The correct entity is Conopco, Inc. dba
    Unilever.  Unilever PLC has not yet been served, and is not a proper party in any
25  event.  Furthermore, Unilever United States, Inc. is not the proper party because it
    does not produce or advertise the products at issue in this case.  The parties will
26  seek to correct this by stipulation.  In the meantime, we refer to defendant Unilever
    United States, Inc. as "Unilever."
27

28

1    **II.**    **THE *ROSEN* AND *RED* COMPLAINTS COMPARED**

2      **A.**    ***Rosen* Was the First-Filed Case.**

3      *Rosen* was filed on June 9, 2009.[4]   *Red* was filed on October 28, 2009.   (*See*

4   Class Action Complaint for Violations of the Lanham Act, Etc. ("Compl").)

5      **B.**    **The Two Cases Are Almost Identical.**

6      Both cases are styled as class actions.   (*Compare Rosen* Compl. ¶¶ 21-29

7   *with Red* Compl. ¶¶ 98-87 [sic].)   Both name the same defendant, Unilever United

8   States, Inc. ("Unilever").   (*Id.*)[5]   Both allege that Unilever manufactures vegetable

9   oil spreads that have trace amounts of partially hydrogenated vegetable oils, which

10   contain trans fatty acids ("TFAs").   Both accuse Unilever of false advertising and

11   both assert affirmative misrepresentation and omissions claims.   (*Id.*)

12      The gravamen of both Complaints is the same.   Both allege that Unilever

13   promotes its vegetable oil spreads as "healthy" and "nutritious" but fails to disclose

14   that TFAs are dangerous, unhealthy, or non-nutritious.   Both sue for violations of

15   the same California statutes: (i) Unfair Competition Law ("UCL"), Cal. Bus. &

16   Prof. Code §§ 17200 *et seq*.; (ii) False Advertising Law ("FAL"), Cal. Bus. & Prof.

17   Code §§ 17500 *et seq*.; and (iii) Consumers Legal Remedies Act ("CLRA"), Cal.

18   Civ. Code §§ 1750 *et seq*.   Both seek damages, both seek restitution of the purchase

19   price, and both seek an injunction requiring Unilever to re-label its products.

---

[4] The *Rosen* Complaint is attached as Exhibit A to the accompanying Request for Judicial Notice in Support of Defendant Unilever United States Inc.'s Motion to Dismiss or Stay Proceeding ("First-to-File Rule") ("RJN"). (*See* Declaration of Janelle J. Sahouria in Support of Defendant Unilever United States Inc.'s Motion to Dismiss or Stay Proceedings ("First-to-File" Rule) ("Sahouria Decl.") ¶ 2.)

[5] This action adds another defendant, Unilever PLC. But that entity was improperly named, and Unilever PLC has filed a simultaneous motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(2).

NOTICE OF MOTION AND MOTION AND MPA ISO MOTION TO DISMISS OR STAY ("FIRST-TO-FILE" RULE)
CASE NO. CV09 07855 MMM (AGRx)
sf-2772269

2

### C.    The Slight Differences Between the Two Cases.

The slight differences between the two cases only highlight their similarity: (i) *Red* includes a Lanham Act claim; (ii) *Rosen* seeks a California class, whereas *Red* seeks a nationwide class; (iii) *Rosen* challenges three ICBINB! brands, whereas *Red* challenges those brands plus four other vegetable oil spreads; and (iv) *Red* has different class counsel and different class representatives.[6]

### D.    Unilever Has Filed a Motion to Dismiss in *Rosen*.

Unilever filed a motion to dismiss in the *Rosen* action on November 30, 2009.  (Sahouria Decl. ¶ 3.)  It is scheduled to be heard March 1, 2010.  (*Id.*)

## III.    ARGUMENT

### A.    The First-to-File Rule Explained.

Federal comity permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.  *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982); *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006); *see also Woodard v. Compton*, 531 F. Supp. 2d 1228, 1231 (C.D. Cal. 2007).  This is known as the first-to-file rule.  *Pacesetter*, 678 F.2d at 95.  The rule is a "doctrine of federal comity."  *Id*. at 94-95.

Where there is duplicative litigation, the court in the second action will normally dismiss in favor of the first-filed action.  *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1192 (C.D. Cal. 2006) (Feess, J.); *see Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Pacesetter*, 678 F.2d at 95).  The rule "is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments."

---

[6] The additional brands challenged in *Red* are Shedd's Spread Country Crock®, Shedd's Spread Country Crock Spreadable Sticks®, Brummel & Brown®, and Imperial Margarine®.

1  *Church of Scientology of Cal. v. U.S. Dep't of the Army*, 611 F.2d 738, 750 (9th
2  Cir. 1979).  Because the rule "normally serves the purpose of promoting efficiency
3  well," it should not be "disregarded lightly."  *Id.*

4       "Exact parallelism between the two actions need not exist; it is enough if the
5  parties and issues in the two actions are 'substantially similar.'"  *Alioto v. Hoiles*,
6  No. C 04-1395 PJH, 2004 WL 2326367, at *5 (N.D. Cal. Oct. 12, 2004) (citing
7  *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)).  Where, as here, each of
8  these factors is present, the second-filed action should be dismissed or stayed.  *See,*
9  *e.g.*, *VISX, Inc. v. Garabet*, No. C 00-3633 CRB, 2000 WL 1929328, at *2, *4
10  (N.D. Cal. Dec. 18, 2000) (dismissal without prejudice); *N. Am. Cas. Ins. Co. v.*
11  *Encompass Power Servs., Inc.*, No. Civ. S051587DFLGGH, 2005 WL 3453947, at
12  *2-3, *5 (E.D. Cal. Dec. 16, 2005) (stay); *Alibaba.com, Inc. v. Litecubes, Inc.*,
13  No. C03-5574 MHP, 2004 WL 443712, at *2-3 (N.D. Cal. Mar. 8, 2004) (stay).

14       **B.    This Case Satisfies the Requirements of the First-to-File Rule.**

15       Courts consider three factors in determining whether to dismiss or stay under
16  the first-to-file rule:  "(1) the chronology of the two actions; (2) the similarity of the
17  parties; and (3) the similarity of the issues."  *Alioto*, 2004 WL 2326367, at *4.  All
18  three factors point to dismissal of this action.

19       **1.    The Chronology of The Actions Favors Dismissal or Stay.**

20       *Rosen* was filed on June 9, 2009.  (RJN, Ex. A; *see also* Weston Decl. ¶ 3
21  and Dkt. #6-2).  This action was filed more than four months later on October 28,
22  2009.  There is no question that this case is the second-filed action.

23       **2.    Similarity of the Parties Favors Dismissal or Stay.**

24       Plaintiffs cannot seriously dispute that the parties to the two actions are
25  substantially the same.  (*See* page 2, above, listing similarities.)

26       While the two complaints name different purported class representatives, that
27  is a distinction without a difference.  The purported class representatives are alleged
28  to be "typical" of the class they seek to represent, and each claims that a similar list

1   of legal and factual questions are "common" to themselves and absent class

2   members.  (*Compare Rosen* Compl. ¶ 23(a) *with Red* Compl. ¶ 100.)

3        Other courts have applied the first-to-file rule to parallel class actions with

4   different named plaintiffs.  For instance, in *Fuller v. Abercrombie & Fitch Stores,*

5   *Inc.*, 370 F. Supp. 2d 686 (E.D. Tenn. 2005), the plaintiff filed a purported class

6   action against Abercrombie & Fitch in Tennessee over a year after another plaintiff

7   had filed a similar class action in Ohio.  The Tennessee district court found the

8   first-to-file rule to be applicable because, among other reasons, "the parties in the

9   two actions substantially overlap."  *Id.* at 689.  As the court explained, both cases

10  "seek certification of the same collective class . . . ."  *Id.*  The court reasoned that

11  even though "the named plaintiffs are different,"

12          all are former Abercrombie employees who worked as
            managers-in-training and assistant managers.  And impor-
13          tantly, the claims in both actions are based on the plaintiffs'
14          employment positions with Abercrombie.  *Consequently, the*
            *named plaintiffs are effectively identical.*
15

16  *Id.* (internal citations omitted) (emphasis added).  *Accord Peak v. Green Tree Fin.*

17  *Servicing Corp.*, No. C 00-0953 SC, 2000 WL 973685, at *2-3 (N.D. Cal. July 7,

18  2000) (dismissing second-filed action brought on behalf of identical class).

19        Here, as in *Fuller* and *Peak*, Plaintiffs seek to proceed on behalf of similar

20  classes in two different courts.  The requirement that the parties to the two actions

21  be substantially similar is satisfied.

22            **3.    Similarity of Issues Favors Dismissal or Stay.**

23        As noted, absolute identity of the substantive claims is not required under the

24  first-to-file rule.  "[S]light differences in the claims asserted do not prevent applica-

25  tion of the rule where the underlying complained-of conduct is almost identical."

26  *Walker v. Progressive Cas. Ins. Co.*, No. C03-656R, 2003 WL 21056704, at *3

27  (W.D. Wash. May 9, 2003).  Where, as here, the claims in the two actions are

28

1  substantially similar, dismissal is appropriate.  *Id.* (ordering dismissal under first-to-
2  file rule); *see also L. Cohen Group v. Herman Miller, Inc.*, No. C 05-4476 SI,
3  2006 U.S. Dist. LEXIS 2301, at *9 (N.D. Cal. Jan. 19, 2006) ("The fact that
4  Herman Miller's complaint contains additional causes of action does not detract
5  from the fact that substantially all of the allegations in LuxuryChair.com's
6  complaint stem directly from Herman Miller's complaint.").

7       Plaintiffs' counsel has conceded that three of the seven brands at issue in this
8  case are not just *challenged* in *Rosen*, but challenged under the *same three Califor-*
9  *nia state laws*.  (*See* Dkt. #6 at p. 2.)

10      The complaints in this case and *Rosen* are for all practical purposes mirror
11  images of one another.  As noted, both assert claims under California Business and
12  Professions Code sections 17500 and 17200 and the Consumer Legal Remedies
13  Act.  This case includes a Lanham Act claim, but even that claim arises from the
14  same underlying allegations that are the focus of the other causes of action.

15      The defenses to the two cases are identical as well.  Unilever has filed a
16  motion to dismiss in *Rosen* that is scheduled for hearing March 1, 2010.[7]  (Sahouria
17  Decl. ¶ 3.)  That motion raises all of the same defenses—"express preemption,"
18  abstention, lack of particularity, etc—as here.  It would make no sense for this
19  Court to address a motion that Judge Ware will be hearing on March 1.  That would
20  be a waste of judicial resources and would risk inconsistent outcomes.  Moreover, if
21  both cases were allowed to proceed, the risk of inconsistent rulings would multiply
22  with every proceeding, from class certification to discovery, from summary
23  judgment to trial.

24
25
---
26      [7] Unfortunately, Judge Ware did not have an earlier hearing date available.
(*See* http://www.cand.uscourts.gov/cand/calendar.nsf/ExtraInfoLinkDocs/JW [last
27  checked November 29, 2009].)
28

1    Finally, Unilever would be prejudiced if it were subjected to conflicting class

2    action claims.  To fail to stay this action under these circumstances would open the

3    door to one-way intervention and violate Unilever's due process rights.  *See*

4    *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78, 94 S. Ct. 2140, 40 L. Ed. 2d

5    732 (1974).  Here, a substantive ruling either here or in *Rosen* that preceded class

6    certification in the other action would violate *Eisen.*[8]

7    Where, as here, all three prongs of the first-to-file rule are satisfied, dismissal

8    is warranted notwithstanding superficial differences in the parties and claims.  *See,*

9    *e.g.*, *VISX*, 2000 WL 1929328.  The plaintiff in *VISX* filed four suits for patent

10    infringement in various jurisdictions against customers of a firm that manufactured

11    competing technology.  The cases were transferred to the Northern District of

12    California for coordinated pretrial proceedings.  The plaintiff then filed a new case

13    against some (but not all) of the same defendants, alleging breach of some (but not

14    all) of the same patents.  *Id.*, at *2.  The court found that the new action was subject

15    to the first-to-file rule because it was "practically identical" to the earlier-filed

16    cases.  As the court explained:

17
18    Both cases involve the alleged infringement of the '843
          patent by the defendants.  There are only two differences.
19    First, the First Garabet Action names Dr. Randa M.R.
          Garrana as a defendant; for reasons that remain unclear,
20    Dr. Garrana is not a party in the second Garabet Action.

21
22    [8] The Court in *Eisen* held that "a preliminary determination of the merits may
     result in substantial prejudice to a defendant, since of necessity it is not
23    accompanied by the traditional rules and procedures applicable to civil trials."  *Id.*
     at 178.  In that case, the lower court committed error by making a "finding ... after
24    a preliminary hearing on the merits of the case, that [the class representative] was
     'more than likely' to prevail on his claims."  *Id.* at 177.  Based on that finding, the
25    district court assigned 90 percent of the costs of class notice to the defendant.  Said
     the Court:  "We find nothing in either the language or history of Rule 23 that gives
26    a court any authority to conduct a preliminary hearing into the merits of a suit in
     order to determine whether it may be maintained as a class action."  *Id.*
27

28

> Second, the Second Garabet Action involves the alleged infringement of the '388 patent, which is not part of VISX's complaint in the First Garabet Action . . . .  Those differences are not enough to compel the court to exercise jurisdiction over the Second Garabet Action.

*Id.* (internal citations omitted).  The court accordingly granted the defendants' motion to dismiss.  *Id*, at *4.

This Court should do the same.

### C.    This Case Does Not Fit Within Any Exception to the Rule.

There are exceptions to the first-to-file rule, but none of them applies here. Relief under the first-to-file rule may be refused "[i]f a party has acted in bad faith, if the first-filed suit is plainly anticipatory, or if a party has engaged in transparent forum shopping . . . ." *Alibaba.com*, 2004 WL 443712, at *2 n.3 (citing *Ward v. Follett Corp.*, 158 F.R.D. 645 (N.D. Cal. 1994)).  *Accord Alltrade, Inc.*, 946 F.2d at 628.  The focus of these exceptions is the conduct of the party that initiated the first-filed action, for instance, in filing an anticipatory claim for declaratory relief. *See, e.g.*, *Alltrade*, 946 F.2d at 628 ("'[a]nticipatory suits are disfavored because they are aspects of forum-shopping'" (quoting *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n.3 (5th Cir. 1983)).

None of those exceptions apply.  Unilever did not anticipate or initiate either of these actions.  On the contrary, Unilever is a defendant in both.

NOTICE OF MOTION AND MOTION AND MPA ISO MOTION TO DISMISS OR STAY ("FIRST-TO-FILE" RULE)
CASE NO. CV09 07855 MMM (AGRx)
sf-2772269

8

1    **IV.    CONCLUSION**

2         This Court should dismiss this duplicative action under the first-to-file rule.

3    In the alternative, if the Court concludes that dismissal is not warranted, all further

4    proceedings should be stayed pending resolution of the first-filed *Rosen* action.

5    Dated:        November 30, 2009         WILLIAM L. STERN
                                             JANELLE J. SAHOURIA
6                                            MORRISON & FOERSTER LLP

7                                            By:  /s/ William L. Stern
                                                      William L. Stern
8
                                             Attorneys for Defendant
9                                            UNILEVER UNITED STATES, INC.
                                             and UNILEVER PLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28