1  WILLIAM L. STERN (CA SBN 96105)
   WStern@mofo.com
2  JANELLE J. SAHOURIA (CA SBN 253699)
   JSahouria@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  Attorneys for Defendants
   UNILEVER UNITED STATES, INC. and
7  UNILEVER PLC

8

9            UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11              WESTERN DIVISION

12

13 | EVANGELINE RED, JENNIFER | Case No. CV09 07855 MMM (AGRx)
14 | RED, and RACHEL WHITT, on Behalf | **DEFENDANT UNILEVER UNITED**
   | of Themselves and All Others Similarly | **STATES INC.'S REQUEST FOR**
15 | Situated, | **JUDICIAL NOTICE IN SUPPORT**
   | | **OF ITS MOTION TO DISMISS**
16 | Plaintiffs, |
   | | [[Proposed] Order Granting Request for
17 | v. | Judicial Notice, Defendant's Motion to
   | | Dismiss Concurrently Filed]
18 | UNILEVER UNITED STATES, INC. |
   | and UNILEVER PLC, | Hearing Date: February 8, 2010
19 | | Time:  10:00 a.m.
   | Defendants. | Courtroom:  780
20 | | Judge:  Hon. Margaret M. Morrow
   | | Action Filed:  October 28, 2009
21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Pursuant to Rule 201 of the Federal Rules of Evidence ("Fed. R. Evid.") and related authority, Defendant Unilever United States, Inc. respectfully requests judicial notice of the following exhibits, which are attached hereto:

- **Exhibit A**:  Unilever's July 27, 2009 press release entitled "Unilever to Remove Hydrogenated Oils Across Entire Soft Spreads Portfolio in U.S. by Early 2010."
- **Exhibit B**:  "I Can't Believe It's Not Butter!" ("ICBINB!") Light® package label introduced in August 2009.
- **Exhibit C**:  ICBINB! Original® package label used from July 2008 to July 2009.
- **Exhibit D**:  ICBINB! Original® package label introduced in August 2009.
- **Exhibit E**:  ICBINB! Cooking and Baking Sticks® package label used in 2009.
- **Exhibit F**:  Shedd's Spread Country Crock® package label used in 2009.
- **Exhibit G**:  Shedd's Spread Country Crock Spreadable Sticks® package label used in 2009.
- **Exhibit H**:  Brummel & Brown® package label used in 2009.
- **Exhibit I**:  Imperial Margarine® package label used in 2009.
- **Exhibit J**:  Excerpt from Food and Drug Administration ("FDA") final rule regarding trans fatty acids ("TFAs") in nutrition labeling, nutrient content claims, and health claims.  68 Fed. Reg. 41434, 41498 (July 11, 2003) (explaining the FDA's stance that "Section 403A(a)(4) of the act (21 U.S.C. § 343-1(a)(4) ) displaces both state legislative requirements and state common-law duties").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- **Exhibit K**:  FDA advance notice of proposed rulemaking "to solicit information and data that potentially could be used to establish new nutrient content claims about trans fatty acids."  68 Fed. Reg. 41507 (July 11, 2003).

- **Exhibit L**:  Excerpt from the FDA proposed rule governing, among other things, trans fat limits for nutrient content claims, health claims, or disclosure and disqualifying levels; and the proposed definition for the nutrient content claim "trans fat free."  64 Fed. Reg. 62746, 62746-49 (Nov. 17, 1999).

- **Exhibit M**:  Excerpt from the FDA final rule regarding TFAs in nutrition labeling, nutrient content claims, and health claims.  68 Fed. Reg. 41434, 41442 (July 11, 2003) (citing the 1995 Dietary Guidelines for Americans, a joint publication of the U.S. Department of Health and Human Services and the U.S. Department of Agriculture, which noted that TFAs "may raise blood cholesterol levels, *although not as much as saturated fat*" (emphasis added)).

- **Exhibit N**:  FDA notice of proposed rulemaking regarding Omega-3 Fatty Acids.  72 Fed. Reg. 66103 (Nov. 27, 2007).

- **Exhibit O**:  October 29, 2009 "CLRA Demand Letter, Notice of Anticipated Litigation and Duty to Preserve Evidence" served on October 30, 2009.[1]

## II.    ANALYSIS

### A.    Unilever's July 27, 2009 Press Release Is Judicially Noticeable.

This Court should take judicial notice of Exhibit A, Unilever's July 27, 2009 press release entitled "Unilever to Remove Hydrogenated Oils Across Entire Soft

---

[1] Unilever PLC has not yet been served, so this motion is brought by Unilever United States, Inc. only.

1   Spreads Portfolio in U.S. by Early 2010."   The concurrently filed Declaration of

2   Darren Palmet authenticates the exhibit, and illustrates that this exhibit is essential

3   for the Court to consider the appropriateness of Plaintiffs' causes of actions.

4   　　　"[A] court may take judicial notice of matters of public record without

5   converting a motion to dismiss into a motion for summary judgment." *Wright v.*

6   *Gen. Mills, Inc.*, No. 08cv1532 L(NLS), 2009 WL 3247148, at *4 (S.D. Cal.

7   Sept. 30, 2009) (citation omitted); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500,

8   504 (9th Cir. 1986) (court "may take judicial notice of matters of public record

9   outside the pleadings").  Under Fed. R. Evid. 201(b), courts are allowed to take

10  judicial notice of matters that are "capable of accurate and ready determination by

11  resort to sources whose accuracy cannot reasonably be questioned."  As a result,

12  this Court should take judicial notice of the press release, since it is directly relevant

13  to whether Plaintiffs can properly plead injunctive relief.  *See Ritter v. Hughes*

14  *Aircraft Co.*, 58 F.3d 454, 458-59 (9th Cir. 1995) (taking judicial notice of

15  widespread layoffs at Hughes Aircraft based on newspaper article); *In re Thoratec*

16  *Corp. Sec. Litig.*, No. C-04-03168 RMW, 2006 WL 1305226, at *4 (N.D. Cal.

17  May 11, 2006) (taking judicial notice of a press release in ruling on a motion to

18  dismiss); *In re Ashworth, Inc., Sec. Litig.*, No. 99CV0121-L(JAH), 2000 WL

19  33176041, at *3 (S.D. Cal. July 18, 2000) (same).

20  　　　**B.　　Product Labels Are Judicially Noticeable.**

21  　　　Exhibits B through I, which are the packaging labels for the products

22  challenged in the Complaint, are also judicially noticeable.  Plaintiffs' Complaint

23  challenges Unilever's product labeling and advertising for:  (i) ICBINB! Light®,

24  (ii) ICBINB! Original®, (iii) ICBINB! Cooking and Baking Sticks®, (iv) Shedd's

25  Spread Country Crock®, (v) Shedd's Spread Country Crock Spreadable Sticks®,

26  (vi) Brummel & Brown®, and (vii) Imperial Margarine®.  (Class Action Complaint

27  ("Compl.") ¶ 9.)  As discussed in the concurrently filed Declaration of Darren

28  Palmet (which also authenticates these exhibits), Plaintiffs attach photographs of

the seven products at issue.  (Compl. pp. 16-17 (ICBINB! Light), 19-21 (ICBINB! Original), 23 (ICBINB! Cooking and Baking Sticks), 25 (Shedd's Spread Country Crock), 27-28 (Shedd's Spread Country Crock Spreadable Sticks), 29 (Brummel & Brown), 31 (Imperial Margarine).)  Because these photographs are incomplete and of poor quality, the Court should take judicial notice of the legible labels attached.

The Court may take judicial notice of Exhibits B through I in considering Defendant's Motion to Dismiss.  Rule 201(b) of the Federal Rules of Evidence authorizes courts to take judicial notice of facts that are "not subject to reasonable dispute" and that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b); *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).  This Court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6) ."  *Ritchie*, 342 F.3d at 908 (noting that such consideration does not convert "the motion to dismiss into a motion for summary judgment").  The Ninth Circuit recognizes the authority of courts to consider a document in ruling on a Rule 12(b)(6)  motion to dismiss when the "plaintiff's complaint necessarily relies" upon it."  *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (allowing judicial notice of documents incorporated into a complaint by reference).  As the Ninth Circuit has explained, "the policy concern underlying the rule" is to "[p]revent[] plaintiff from surviving a Rule 12(b)(6)  motion by deliberately omitting references to documents upon which [their] claims are based."  *Bunag v. Aegis Wholesale Corp.*, No. C 09-00558 MEJ, 2009 WL 2245688, at *3 (N.D. Cal. July 27, 2009) (citing *Parrino*, 146 F.3d at 706).  Because Exhibits B through I are documents upon which Plaintiffs' claims are based, judicial notice of them should be granted.

Judicial notice of the product packages is particularly appropriate here because under California law "the primary evidence in a false advertising case is

1   the advertising itself." *Brockey v. Moore*, 107 Cal. App. 4th 86, 100, 131 Cal.

2   Rptr. 2d 746 (2003) (internal quotation marks omitted).  Neither party can

3   reasonably dispute the authenticity of the product label packages, considering

4   Plaintiffs included photographs of product labels in their Complaint.  (Compl.

5   pp. 16-17 (ICBINB! Light), 19-21 (ICBINB! Original), 23 (ICBINB! Cooking and

6   Baking Sticks), 25 (Shedd's Spread Country Crock), 27-28 (Shedd's Spread

7   Country Crock Spreadable Sticks), 29 (Brummel & Brown), 31 (Imperial

8   Margarine).).

9           C.      **"The Contents of the Federal Register Shall Be Judicially**
                    **Noticed."**
10

11          The Court should also take judicial notice of Exhibits J through N, a selection

12   of FDA notices and reports from the Federal Registry, pursuant to Fed. R. Evid.

13   201.   "The contents of the Federal Register shall be judicially noticed."  44 U.S.C.

14   § 1507.   In fact, the Ninth Circuit has taken judicial notice of documents such as

15   "records and reports of administrative bodies."  *Interstate Natural Gas Co. v. So.*

16   *Cal. Gas Co*., 209 F.2d 380, 385 (9th Cir. 1953).

17          Furthermore, these exhibits are placed into issue by Plaintiffs' Complaint.

18   Exhibits J through N help clarify the FDA's stance on certain issues as relevant to

19   the preemption argument in Defendant's Motion to Dismiss, and these exhibits also

20   relate to the truthfulness of Defendant's product labels.  *Parrino*, 146 F.3d at 706

21   (allowing judicial notice of documents incorporated by reference); *see also Knievel*,

22   393 F.3d at 1076 (same).  Therefore, judicial notice should be taken of Exhibits J

23   through N.

24          D.      **The Court Should Take Judicial Notice of Plaintiffs' CLRA Notice**
                    **Letter.**
25

26          The Court should also take judicial Notice of Exhibit O, Plaintiffs'

27   October 29, 2009 "CLRA Demand Letter, Notice of Anticipated Litigation and

28

1  Duty to Preserve Evidence."  As indicated on the attached "Service of Process

2  Transmittal," service of this document did not occur until October 30, 2009.

3       Because paragraph 112 of Plaintiffs' Complaint relies on this document in

4  pleading compliance with the Consumers Legal Remedies Act, Cal. Civ. Code

5  § 1782, Exhibit O is incorporated by reference into the Complaint, and judicial

6  notice of Exhibit O should be granted.  *See Parrino*, 146 F.3d at 706 (taking

7  judicial notice of documents incorporated by reference in complaint).

8  **III.    CONCLUSION**

9       The Court should grant Defendant's request for judicial notice pursuant to

10 Fed. R. Evid. 201.

11

12 Dated:         November 30, 2009          WILLIAM L. STERN
                                            JANELLE J. SAHOURIA
13                                          MORRISON & FOERSTER LLP

14                                          By:  /s/ William L. Stern
                                                 William L. Stern
15

16                                          Attorneys for Defendant
                                            UNILEVER UNITED STATES, INC.
17                                          and UNILEVER PLC

18

19

20

21

22

23

24

25

26

27

28