1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EVANGELINE RED, JENNIFER RED, and
RACHEL WHITT, on behalf of themselves
and all others similarly situated,

           Plaintiffs,

           vs.

UNILEVER UNITED STATES, INC. and
UNILEVER PLC,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 09-07855 MMM (AGRx)

ORDER TRANSFERRING ACTION TO
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff Evangeline Red, Jennifer Red, and Rachel Whitt commenced this class action before
this court on October 28, 2009, alleging violations of the Lanham Act, California unfair competition
law, California false advertising law, and the Consumer Legal Remedies Act ("CLRA") against
defendants Unilever United States, Inc. and Unilever PLC (collectively, "Unilever").[1] Plaintiffs invoke
the court's federal question jurisdiction with respect to the Lanham Act claim, 28 U.S.C. § 1331, 15
U.S.C. § 1121, and the Class Action Fairness Act ("CAFA") of 2005, with respect to the state-law
claims.[2] Unilever subsequently filed two motions: a motion to dismiss plaintiff's complaint under Rule

---

[1]See Class Action Complaint for Violations of the Lanham Act, the Unfair Competition Law,
the Common Law of Unfair Competition, the False Advertising Law, and the Consumer Legal Remedies
Act ("Red Complaint"), Docket No. 1 (Oct. 28, 2009).

[2]Red Complaint, ¶¶ 11-12.

1  12(b)(6) of the Federal Rules of Civil Procedure,[3] and a motion to stay or dismiss plaintiffs' action in

2  its entirety pursuant to the first-to-file rule.[4]  On January 8, 2010, plaintiffs opposed both motions.[5]

3       Defendant's motion is currently on calendar for hearing on February 8, 2010 at 10:00 a.m.

4  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds that

5  this matter is appropriate for decision without oral argument.  The hearing scheduled for February

6  8, 2010 is hereby vacated and taken off calendar.

7

8                          **I.  FACTUAL BACKGROUND**

9       **A.      The Red Action**

10      Plaintiffs are consumers who repeatedly purchased margarines made by Unilever.[6]  They plead

11  four causes of action: (1) false advertising in violation of the Lanham Act, 15 U.S.C. § 1125 et seq.;[7]

12  (2) violations of California's unfair competition law, CAL. BUS. & PROF. CODE §§ 17200 et seq., and the

13  common law of unfair competition;[8] (3) false advertising in violation of California's false advertising

14  law, CAL. BUS. & PROF. CODE §§ 17500 et seq.;[9] and (4) violations of the Consumer Legal Remedies

15

16

17       [3]See Notice of Motion and Motion and Memorandum of Points and Authorities in Support of
18  Defendant Unilever United States Inc.'s Motion to Dismiss ("Motion to Dismiss"), Docket No. 11 (Nov.
   30, 2009).

19       [4]See Notice of Motion and Motion and Memorandum of Points and Authorities in Support of
20  Defendant Unilever United States Inc.'s Motion to Dismiss or Stay Proceedings ("First-to-File" Rule)
   ("First-to-File Motion"), Docket No. 8 (Nov. 30, 2009).
21

22       [5]See Plaintiff's Opposition to Unilever United States Inc.'s Motion to Dismiss ("Dismiss Opp."),
   Docket No. 23 (Jan. 8, 2010); Plaintiff's Opposition to Defendants' Motion  to Dismiss or Stay
23  Proceedings ("First-to-File" Rule) ("First-to-File Opp."), Docket No. 20 (Jan. 8, 2010).

24       [6]Red Complaint, ¶ 13.

25       [7]*Id.*, ¶¶ 90-95.

26       [8]*Id.*, ¶¶ 96-103.

27       [9]*Id.*, ¶¶ 104-07.

28
                                    2

Act ("CLRA"), CAL. CIV. CODE §§ 1750 et seq.[10]

Plaintiffs seek to certify the following class: "All persons (excluding officers, directors, and employees of Unilever) who purchased, on or after January 1, 2000, one or more Unilever margarine products containing artificial trans fat for their own use rather than for resale or distribution."[11] Plaintiffs seek injunctive relief,[12] disgorgement of revenue and profits,[13] restitution of all funds acquired by any unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of the CLRA,[14] destruction of all misleading and deceptive advertising materials,[15] reasonable costs and attorneys' fees,[16] and pre- and post-judgment interest.[17]

Defendant moves to dismiss or stay plaintiffs' action in its entirety. Defendant relies on the first-to-file rule, a doctrine of federal comity "which allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). Defendant argues that plaintiffs' claims are almost entirely duplicative of those alleged in an earlier filed class action currently pending against Unilever in the Northern District of California, *Rosen v. Unilever United States, Inc.*, Case No. C 09-02563 JW.

### B.    The Rosen Action

The Rosen case was originally filed in the federal district court for the Northern District of

_____

[10]*Id.*, ¶¶ 108-12.

[11]*Id.*, ¶ 99.

[12]*Id.*, Prayer for Relief, ¶ B (seeking injunction regarding Unilever's marketing practices); *id.*, ¶ C (seeking an order compelling Unilever to conduct a corrective advertising campaign).

[13]*Id.*, Prayer for Relief, ¶ D.

[14]*Id.*, Prayer for Relief, ¶ F.

[15]*Id.*, Prayer for Relief, ¶ E.

[16]*Id.*, Prayer for Relief, ¶ G.

[17]*Id.*, Prayer for Relief, ¶ F.

1   California on June 9, 2009.[18]

2        Like the Red plaintiffs, Rosen is a consumer who purchased Unilever's margarine products who

3   alleges that Unilever violated California unfair competition and false advertising laws.[19]   Rosen's

4   complaint pleads three causes of action: (1) violations of California's unfair competition law, CAL. BUS.

5   & PROF. CODE §§ 17200 et seq., and the common law of unfair competition;[20] (2) false advertising in

6   violation of California's false advertising law, CAL. BUS. & PROF. CODE §§ 17500 et seq.;[21] and (3)

7   violations of the Consumer Legal Remedies Act ("CLRA"), CAL. CIV. CODE §§ 1750 et seq.[22]

8        Rosen seeks certification of the following class of consumers: "all Californians who purchased

9   I Can't Believe It's Not Butter during the Class Period," from June 2004 to the present.  Rosen seeks

10  declaratory relief, restitution and disgorgement, injunctive relief, compensatory damages, punitive

11  damages, interest and costs of suit.[23]

12       The Rosen action was filed on June 9, 2009, and Unilever was served with the summons and the

13  plaintiff's complaint on July 31, 2009.  The parties in the Rosen action have been engaged in informal

14  settlement discussions and Unilever has provided informal discovery to Rosen.[24]  On November 30,

15  2009, Unilever filed a motion to dismiss the Rosen action.  That motion is scheduled for hearing before

16

17

18       [18]See Defendant Unilever United States Inc.'s Request for Judicial Notice in Support of its

19  Motion to Dismiss or Stay Proceedings ("First to File" Rule), Docket No. 10 (Nov. 30, 2009), Exh. A

20  ("Rosen Complaint").

21       [19]Rosen Complaint, ¶ 8.

22       [20]Id., ¶¶ 30-41.

23       [21]Id., ¶¶ 42-48.

24       [22]Id., ¶¶ 49-57.

25       [23]Id. at 16 (Prayer for Relief).

26       [24]Declaration of Janelle J. Sahouria in Support of Defendant Unilever United States, Inc.'s
    Motion to Dismiss or Stay Proceedings ("First to File" Rule) ("Sahouria First-to-File Decl."), Docket
27  No. 9 (Nov. 30, 2009), ¶ 4.

28

1  Judge James Ware on March 1, 2009, which date was the first available hearing date.[25]

2         **C.**      **Unilever's First-to-File Motion to Dismiss or Stay the Red Action**

3         Citing the first-to-file rule, Unilever seeks dismissal or stay of the entire Red action.  It asserts

4  that the first-to-file rule "permits a district court to decline jurisdiction over an action when a complaint

5  involving the same parties and issues has already been filed in another district," and contends that the

6  principle applies to duplicative claims even if some causes of action in a later-filed case are distinct from

7  those pled in the earlier-filed action.[26]

8         Unilever represents that the Rosen action encompasses claims under California Business and

9  Professions Code §§ 17200, and 17500, as well as the CLRA.[27]  Unilever also maintains that its defenses

10  to the Rosen action are identical to those in the Red action:

11       "That motion raises all of the same defenses—'express preemption,' abstention, lack of

12       particularity, etc—as here. It would make no sense for this Court to address a motion that

13       Judge Ware will be hearing on March 1. That would be a waste of judicial resources and

14       would risk inconsistent outcomes. Moreover, if both cases were allowed to proceed, the

15       risk of inconsistent rulings would multiply with every proceeding, from class

16       certification to discovery, from summary judgment to trial."[28]

17  Consequently, it maintains, Red's second through fourth causes of action are duplicative of claims

18  asserted in the Rosen suit, and should be dismissed or stayed.[29]  Defendant concedes, however, that the

19  Rosen action does not include a claim under the Lanham Act, but notes that the Lanham Act claim arises

20  from the same underlying false advertising allegations as the state-law claims in both the Rosen and Red

---

23  [25]*Id.*, ¶ 3.

24  [26]First-to-File Motion at 3.

25  [27]*Id.* at 6.

26  [28]*Id.*

27  [29]*Id.*

28                          5

1  actions.[30]

2      The Red plaintiffs counter that the differences between their action and Rosen's require denial

3  of Unilever's motion.[31]  Specifically, plaintiffs assert that: (1) the Red plaintiffs have sued both Unilever

4  United States, Inc. and its corporate parent Unilever PLC, whereas Rosen has only sued Unilever United

5  States; (2) the Red plaintiffs have asserted a class period beginning on January 1, 2000, whereas the

6  Rosen class period begins in June 2004; (3) the Red plaintiffs assert a nationwide class, whereas Rosen

7  asserts a California class; and (4) the Red plaintiffs assert claims related to seven different margarine

8  products produced by Unilever, whereas the Rosen complaint is vague in that it asserts that it seeks

9  relief on behalf of purchasers of I Can't Believe It's Not Butter! without indicating whether it is related

10 to all three variants of the product or other margarine products.[32]

11                              **II.  DISCUSSION**

12 **A.    The First-to-File Rule**

13      **1.    Legal Standard Governing Application of the First-to-File Rule**

14      As noted, the first-to-file rule is a principle of federal comity that permits a district court to

15 decline jurisdiction over an action when a complaint involving the same parties and issues has already

16 been filed in another district.  *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir.

17 1982); see also *Alltrade*, 946 F.2d at 623, 625 (under the first-to-file rule, a district court may transfer,

18 stay, or dismiss an action where a similar case has previously been filed in another federal court);

19 *Certified Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) ("The

20 first-to-file rule, while not frequently discussed by this Court, is a 'well-established doctrine that

21 encourages comity among federal courts of equal rank,'" quoting *AmSouth Bank v. Dale*, 386 F.3d 763,

22 791 n. 8 (6th Cir. 2004)).  "The doctrine is designed to avoid placing an unnecessary burden on the

23 federal judiciary, and to avoid the embarrassment of conflicting judgments.  Comity works most

24 _____

25   [30]*Id.*

26   [31]First-to-File Opp. at 6.

27   [32]*Id.* at 6-8.

28                              6

1    efficiently where previously-filed litigation is brought promptly to the attention of the district court, and

2    the court defers." *Church of Scientology of California v. United States Dep't. of the Army*, 611 F.2d

3    738, 750 (9th Cir. 1980) (internal citations omitted); *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d

4    947, 950 (5th Cir. 1997) ("The concern manifestly is to avoid the waste of duplication, to avoid rulings

5    which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that

6    call for a uniform result," quoting *West Gulf Maritime Association v. ILA Deep Sea Local 24*, 751 F.2d

7    721, 729 (5th Cir. 1985)).

8        Three factors are relevant in deciding whether to apply the first-to-file rule: (1) the chronology

9    of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues.   See, e.g.,

10   *Alltrade*, 946 F.2d at 625-26; *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D.

11   264, 270 (C.D. Cal. 1998) ("Three threshold factors should be considered in deciding whether to apply

12   the first-to-file rule: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the

13   similarities of the issues," citing *Alltrade*).   Exceptions to the rule can be made in cases of bad faith,

14   anticipatory suit, or forum shopping, or where the balance of convenience favors the later-filed action.

15   See, e.g., *Greenline Industries, Inc. v. Agri-Process Innovations, Inc.*, No. C 08-2438 CW, 2008 WL

16   2951743, *3 (N.D. Cal. July 28, 2008) (quoting *Alltrade*, 946 F.2d at 628; *Ward v. Follett Corp.*, 158

17   F.R.D. 645, 648 (N.D. Cal. 1994)); see also *Palantir Technologies, Inc. v. Palantir.net, Inc.*, No. C 07-

18   03863 CRB,  2007 WL 2900499, *1 (N.D. Cal. Oct. 2, 2007) ("A suit is anticipatory when the plaintiff

19   filed upon receipt of specific, concrete indications that a suit by defendant was imminent," quoting *Z-*

20   *Line Designs, Inc. v. Bell, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003)).

21          **2.      Whether the First-to-File Rule Applies to the Red Action**

22       The Moody action was filed almost five months before the Red action; consequently, the

23   chronology of the actions weighs in favor of the application of the first-to-file rule.

24       Courts in the Ninth Circuit have adopted a flexible approach in evaluating the similarity of the

25   parties.  See, e.g., *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F.Supp.2d 949, 959 n.

26   6 (N.D. Cal. 2008) ("[E]xact identity is not required to satisfy the first-to-file rule.  The rule is satisfied

27   if some [of] the parties in one matter are also in the other matter, regardless of whether there are

28

1 additional unmatched parties in one or both matters," citing cases).  In *Alltrade*, the Ninth Circuit held

2 that the district court did not abuse its discretion by applying the first-to-file rule even though the claims

3 asserted in the two actions were not identical, and the first-filed action included a defendant who was

4 not named in the second action.  *Alltrade*, 946 F.2d at 624, n. 3; see also *Audio Entertainment Network,*

5 *Inc. v. American Telephone & Telegraph Co.*, 205 F.3d 1350 (Table), 1999 WL 1269329, *1 (9th Cir.

6 Dec. 28, 1999) ("Since we have not required that parties or issues be identical in order to justify federal

7 court deferral to a state action . . . we do not find an abuse of discretion when a federal court defers to

8 another federal court where the parties and issues are substantially similar"); *British*

9 *Telecommunications PLC v. McDonnell Douglas Corp.*, No. C-93-0677 MHP, 1993 WL 149860, *4

10 (N.D. Cal. May 3, 1993) (holding that *Alltrade* "does not stand for a blanket rule that there must be strict

11 identity of parties for the first-to-file rule to apply").

12         In the context of class actions, courts look to the proposed classes rather than the named

13 plaintiffs to evaluate identity of parties, and properly apply the first-to-file rule upon finding that the

14 issues raised in the later-filed case are sufficiently duplicative of those being adjudicated in the earlier-

15 filed case to justify transfer, stay, or dismissal.  See, e.g., *Ross v. U.S. Bank Nat'l Ass'n*, 542 F.Supp.2d

16 1014, 1020 (N.D. Cal. 2008) ("In a class action, the classes, and not the class representatives, are

17 compared"); *Persepolis Enterprise v. United Parcel Service, Inc.*, No. C-07-02379 SC, 2007 WL

18 2669901, *2 (N.D. Cal. Sept. 7, 2007) ("The first-to-file rule requires the court in a class action suit to

19 compare the proposed classes, not their representatives"); *Peak v. Green Tree Financial Servicing Corp.*,

20 No. C 00-0953 SC, 2000 WL 973685, *2 (N.D. Cal. July 7, 2000) ("Clearly, the named plaintiff in each

21 action is different.  Defendants argue that this fact should not prevent the Court from applying the first

22 to file rule because each complaint seeks to certify a class action, because the class is identically defined

23 in each complaint, and because each plaintiff asserts that they adequately represent the interests of the

24 entire class.  Defendants argue that the key party in interest in each action is the identical proposed class.

25 . . .  The underlying objectives of the first to file rule will be achieved by its application in this case.

26 Though the named plaintiffs are different, the issues presented in this case sufficiently duplicate those

27 presented in the Eastern District [ ] to justify dismissing this case").

28

Indeed, the first-to-file rule does not require identical parties *or* issues, so long as the actions are substantially similar or involve substantial overlap. *Walker v. Progressive Casualty Ins. Co.*, No. C03-656R, 2003 WL 21056704, *2 (W.D. Wash. May 9, 2003) ("Exact parallelism between the two actions need not exist; it is enough if the parties and issues in the two actions are 'substantially similar,'" quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989); *Centocor, Inc. v. MedImmune, Inc*., No. C 02-03252, 2002 WL 31465299, *3 (N.D. Cal. Oct. 22, 2002) (stating that the first-to-file rule does not require identical issues or parties "so long as the actions involve closely related questions or common subject matter"); *Ward*, 158 F.R.D. at 649 ("While Follett's original and amended complaints do not assert identical grounds for Follett's denial of royalty payments, that fact does not destroy the ultimate similarity between the Illinois action and the California action"); see also *Save Power Ltd. v. Syntek Finance Corp*., 121 F.3d 947, 950 (5th Cir. 1997) ("Syntek argues that the 'first-to-file' rule does not apply in this case because neither the issues nor the parties are identical to those in the Original Action. The rule does not, however, require that cases be identical. The crucial inquiry is one of 'substantial overlap'"); *Ed Tobergte Associates*, *Inc. v. Zide Sport Shop of Ohio, Inc.*, 83 F.Supp.2d 1197, 1198 (D. Kan. 1999) ("The principle underlying the [first-to-file] rule is to avoid duplicative litigation, but it is not a hard and fast rule. Substantial similarity in the parties and issues is sufficient to invoke application of the rule" (internal citation omitted)); *Excel Music, Inc. v. Simone*, No. 95-3626, 1996 WL 5708, * 5 (E.D. La. Jan. 5, 1996) ("The issues need not be identical to allow one court to decide the action, but there must be 'substantial overlap between the two suits'"); *Texas Instruments Inc. v. Micron Semiconductor, Inc*., 815 F.Supp. 994, 997 (E.D. Tex. 1993) ("As to the first inquiry, all that need be present [for the first-to-file rule to apply] is that the two actions involve closely related questions or common subject matter, or that the core issues substantially overlap. The cases need not be identical to be duplicative").

Both the Rosen and the Red actions involve substantially similar classes – consumers who have purchased margarine products manufactured by defendant. As presently defined, it appears that the Red plaintiffs, as California consumers, are members of the proposed Rosen class. The complaints in both actions, moreover, allege violations of the CLRA and violations of California Business and Professions

1   Code §§ 17200 et seq. and 17500 et seq..  Although the Red action includes a claim not found in the

2   Rosen action – e.g., the Lanham Act claim– the issues in the two cases substantially overlap and the

3   underlying allegations of the Lanham Act claim are identical to those asserted in the state-law false

4   advertising claims.  This is all the first-to-file rule requires; it is not necessary that exactly parallel

5   causes of action be alleged.  See, e.g., *Pacesetter Systems*, 678 F.2d at 95 (comparing the issues raised

6   in the two actions rather than the claims asserted).

7           In addition, the proposed Rosen class covers six years (2004-2009), while the proposed Red class

8   covers ten (2000-2009).  Although the second-filed action is therefore broader, the first-filed action most

9   probably includes a larger number of the same California consumers.  Moreover, the Red plaintiffs

10  assert a nationwide class, whereas Rosen asserts a California class.  The court does not find these

11  differences control whether the actions are substantially similar.  See *Wallace B. Roderick Revocable*

12  *Living Trust v. XTO Energy, Inc.*, No. 08-1330-JTM, 2010 WL 126171, *6-8 (D. Kan. Jan. 12, 2010)

13  (finding that subsequent class action asserting harms arising from defendant's management of wells

14  throughout Kansas, Colorado, and Oklahoma, substantially similar to first-filed action asserting harms

15  arising from a single well in Timberland, Oklahoma, which affected class members in Kansas and

16  Oklahoma only); *Minor v. Sotheby's Inc.*, No. C-08-4568 MMC, 2009 WL 55589, *1 (N.D. Cal. Jan.

17  7, 2009) (finding that where first-filed New York action included non-class action counterclaim asserted

18  by California action plaintiff asserting a class action, and where issues are substantially similar, actions

19  are substantially similar and subsequently filed class action should be dismissed under first-to-file rule

20  although no class action had been filed in New York); *Persepolis Enterprise v. United Parcel Service,*

21  *Inc.*, No. C-07-02379 SC, 2007 WL 2669901, *2 (N.D. Cal. Sept. 7, 2007) (where first-filed action

22  asserted nationwide class action, and second-filed action asserted worldwide class action, transfer of

23  second-filed action appropriate under the first-to-file rule where issues are substantially similar)

24  For these reasons, the court finds that there is sufficient similarity both of parties and issues to justify

25  application of the first-to-file rule.  Cf. *City of Columbus v. Hotels.com, L.P.*, No. 2:06-cv-677, 2007 WL

26  2029036, *4 (S.D. Ohio July 10, 2007) ("'[T]o allow two separate district courts in the same state to

27  address almost identical causes of action involving identical issues in class actions whose members

28

overlap, would be an inefficient use of judicial resources.  Additionally, all parties will benefit from the elimination of duplicitous discovery if these cases are litigated in the same district,'" quoting *Goehl v. Mellon Bank*, No. 92-2547, 1993 U.S. Dist. LEXIS 5339, *8 (E.D. Pa. Apr. 23, 1993)).

Transfer of this case to the Northern District of California will promote judicial efficiency. Consolidation with the related class action is likely, and that "resultant economical and procedural 'savings' would . . . be tremendous." *Bunch v. W.R. Grace & Co.*, No. Civ. A. 04-218-DLB, 2005 WL 1705745, *4 (E.D. Ky. July 21, 2005).  Transfer will "promote judicial economy and consistency of results." *Reisman v. Van Wagoner Funds, Inc*., No. Civ. A. 02-012-SLR, 2002 WL 1459384, *2 (D. Del. June 7, 2002).  Having reviewed the complaint here and that filed in the Rosen action, the court concludes that transfer of this class action to the Northern District of California would promote judicial economy and consistency of results. The class complaints are quite similar, involving the same provisions of state law and the same basic conduct by the same defendant, and its corporate parent. To be sure, there are differences between this action and that pending in San Francisco, but the similarities are more significant than are the differences. Given those similarities, it is essential to avoid any risk of inconsistent rulings on class action issues, such as composition of classes and sub-classes, and issues of preemption, abstention, and other common legal issues.  "It is thus preferable that one court assess the factors that point to factual and legal overlap and sort out the class action issues that will arise in each of the related actions. In that way, the rights of all potential class members can be fully protected and the responsibility of defendants vis a vis the putative class members can be properly identified and allocated." *Byerson v. Equifax Information Services, LLC*, 467 F.Supp.2d 627, 636 (E.D. Va. 2006) (transferring case under first-to-file rule where claims are similar but where the "putative class members" were "quite different").

### 3.      Whether Any Exceptions to the First-to-File Rule Apply

As noted, a court can decline to apply the first-to-file rule where there is evidence of bad faith, anticipatory suit, or forum shopping.  *Greenline Industries*, 2008 WL 2951743 at *3.  Courts also consider whether the balance of convenience favors the later-filed action.  *Id.* (citing *Ward*, 158 F.R.D. at 648).  Nothing in the record reflects any bad faith in the filing or litigation of either action.  It simply

11

1    appears that another plaintiff complained of Unilever's alleged false advertising and unfair practices

2    violations before the Red plaintiffs filed their action.  Likewise, there is no evidence of anticipatory suit

3    or forum shopping.  Indeed, the Red plaintiffs have not asserted that any exception to the first-to-file

4    rule apply.

5        In assessing the convenience of the parties, a court should consider the factors typically assessed

6    in deciding a 28 U.S.C. § 1404(a) transfer of venue motion.  See, e.g., *Sony Computer Entertainment*

7    *America Inc. v. America Medical Response*, No. C06-06604-CW, 2007 WL 781969, *4 (N.D. Cal. Mar.

8    13, 2007) ("The balance of convenience exception to the first-to-file rule includes consideration of the

9    same convenience factors considered under a 28 U.S.C. § 1404(a) transfer of venue motion").  Neither

10   party has addressed the convenience of transfer to the Northern District of California.  Nonetheless, the

11   court finds that a transfer of this action would enable all plaintiffs better to represent the proposed

12   classes and secure classwide relief on all possible claims.  The Red plaintiffs seek to represent a

13   nationwide class and Rosen seeks to represent a statewide class.  Consequently, evidence could and

14   likely will be drawn from throughout the state and the country, irrespective of the residence of the

15   named plaintiffs.  Moreover, defendants are represented by counsel in San Francisco, the location of the

16   Rosen action, and plaintiffs are represented by counsel based neither in Los Angeles or San Francisco.

17   In short, after considering the relevant factors, the court concludes that it is appropriate to apply the first-

18   to-file rule to the Red action.

19        **4.      Whether the Red Action Should be Transferred, Stayed, or Dismissed**

20        Once the first-to-file rule is found to apply, "disposition of the second-filed action is within the

21   court's discretion."  *Elite Physicians Services, LLC v. Citicorp Credit Services, Inc. (USA)*, No. 1:06-

22   CV-86, 2007 WL 1100481, *4 (E.D. Tenn. Apr. 11, 2007) (citing *Smith v. SEC*, 129 F.3d 356, 361 (6th

23   Cir. 1997)).  The alternatives considered, however, should be limited to transfer, stay, or dismissal.  *Id.*

24        The fact that the Red action involves at least one distinct claim counsels against dismissal of the

25   later-filed Red complaint.  The substantial similarities between the two actions, however, and the fact

26   that the Red plaintiffs are themselves members of the proposed Rosen class, counsel against a stay of

27   the Red action.  Rather, the most prudent course of action appears to be a transfer of the Red case to the

28

Northern District of California.  Transfer may facilitate consolidation of the two class actions, and/or integration of Red's Lanham Act claim in any settlement ultimately approved by the court.  See, e.g., *City of Columbus*, 2007 WL 2029036 at *4 ("'The existence of ongoing litigation in the intended transferee district is a powerful reason to grant a motion to transfer,' and '[b]y permitting two related cases which are filed initially in different districts to be consolidated, transfer plainly helps needless duplication of effort,'" quoting *Goehl*, 1993 U.S. Dist. Lexis 5339 at *8); cf. *Elite Physicians Services, LLC*, 2007 WL 1100481 at *5 ("Second-filed courts generally choose to transfer an action when dealing with substantive matters," citing cases); *Plantronics, Inc. v. Clarity, LLC*, No. 1:02-CV-126, 2002 WL 32059746, *1 (E.D. Tenn. July 17, 2002) ("Instead of dismissing Plantronic's complaint without prejudice or staying this action indefinitely, the most practical solution is to transfer this case to the Eastern District of Michigan where the two nearly identical lawsuits may be consolidated and adjudicated together").

The court notes that Unilever has not filed a motion to transfer the case to the Northern District, nor have the Red plaintiffs urged the court to so transfer.  While this is true, it does not change the outcome.  By filing a motion to dismiss or stay, Unilever brought the applicability of the first-to-file rule to the court's attention.  The court has discretion not only to dismiss or stay under the first-to-file rule, but also to transfer if it determines that this would be the most prudent and efficient course of action. Having raised the issue, the parties cannot now limit the options available to the court if it agrees that the first-to-file rule applies.  See *Walker Group, Inc. v. First Layer Communications, Inc*., 333 F.Supp.2d 456, 460 (M.D.N.C. 2004) (noting that a defendant's motion under the first-to-file rule sought only dismissal or a stay, but concluding that the court could "sua sponte, transfer the matter to Colorado where it could be consolidated with the Colorado action").

Having found the first-to-file rule applicable, and determined that transfer would be the most prudent course of action in light of the specific circumstances present in this case, the court exercises its discretion to transfer the Red action to the Northern District of California.

**III.  CONCLUSION**

      For the reasons stated, the court denies defendant's motion to dismiss or stay the Red  action. The matter is hereby transferred to the Northern District of California in the interests of comity, economy, and justice.  The court declines to rule on defendant's motion to dismiss the Red complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.


DATED: January 25, 2010

                                                        _____
                                    MARGARET M. MORROW
                                       UNITED STATES DISTRICT JUDGE

14